UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD HAWKINS,

        Plaintiff,

v.

AMA MANAGEMENT, LTD.,

        Defendant.

No. C06-847P

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND ORDER ENTERING DEFAULT AGAINST DEFENDANT UNDER RULE 55(A)

This matter comes before the Court on Plaintiff's motion to compel discovery and for sanctions. (Dkt No. 17). Plaintiff seeks an order compelling Defendant to respond to Plaintiff's first discovery requests, as well as an award of fees for filing this motion. Plaintiff also requests that the Court find Defendant in default should Defendant fail to respond to Plaintiff's discovery requests by March 23, 2007.

Having considered Plaintiff's motion and the balance of the record in this case, the Court DENIES Plaintiff's motion to compel. However, the Court also ORDERS that default be entered against Defendant under Fed. R. Civ. P. 55(a) for failure to retain counsel to represent it in this matter. Plaintiff is directed to file a motion for default judgment in this matter within <u>30 days</u> of the date of this order. The reasons for the Court's order are set forth below.

ORDER - 1

**Background**

Defendant AMA Management, Ltd., a corporation, originally appeared in this case through attorneys Richard Omata and Sarah Kaltsounis. Mr. Omata filed a motion to withdraw as counsel for Defendant on January 8, 2007. Mr. Omata submitted a declaration stating that Defendant had advised him "of its intent to cease operation of its business and indicated that it no longer wished him or any other counsel to represent it in this matter." (Dkt. No. 13 at 4). As required by Local General Rule 2(g)(4)(B), Mr. Omata certified that he informed Defendant that it is required by law to be represented by an attorney admitted to practice before this Court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the entry of default against the corporation as to any claims of other parties.

In an order dated January 23, 2007, the Court granted Mr. Omata's motion to withdraw as counsel for Defendant effective February 9, 2007, on the condition that he: (1) send a copy of the Court's order to Defendant; and (2) provide the Court with contact information for Defendant.[1] Mr. Omata satisfied those requirements. The order that Mr. Omata sent to Defendant reiterates the requirement that counsel advise "the corporation that it is required by law to be represented by an attorney admitted to practice before this court, and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in entry of default against the corporation as to any claims of other parties." (Dkt. No. 14).

Plaintiff served his first discovery requests to Defendant in this matter on January 9, 2007 – the day after Mr. Omata moved to withdraw as counsel. Under the scheduling order for this case, the deadline for filing all motions related to discovery was January 12, 2007. (Dkt. No. 10). Plaintiff filed

---

[1] The Court's order also provided that Ms. Kaltsounis would be able to withdraw provided that she filed a notice of withdrawal before February 9, 2007. Ms. Kaltsounis complied with this provision.

ORDER - 2

this motion to compel discovery on February 20, 2007, more than five weeks after the deadline for filing such motions.

**Analysis**

1.   Motion to Compel Discovery

The Court denies Plaintiff's motion to compel discovery as untimely. Under the scheduling order entered by the Court, the deadline for filing all motions related to discovery passed on January 12, 2007. Plaintiff has not moved to extend this deadline, nor has Plaintiff shown good cause for doing so.

Under the circumstances presented in this case, it is also questionable that the Court may treat Defendant as a "party" for the purposes of complying with discovery obligations. According to Mr. Omata's declaration, Defendant has indicated that it longer wishes to be represented by any counsel in this matter, despite being warned that it may be held in default if it failed to retain representation. "A corporation may appear in federal court only through licensed counsel." U.S. v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993). As discussed below, Defendant is subject to entry of default against it for failing to retain counsel in this case. Courts have held that a defaulting defendant should not be treated as a "party" for the purposes of applying discovery obligations. The court in Blazek v. Capital Recovery Associates, Inc., 222 F.R.D. 360 (E.D. Wis. 2004), provided a thorough discussion of this issue, noting:

> [T]he argument for treating a defaulting defendant as a non-party is the stronger one. Under the federal rules, a defaulting defendant loses many of the rights of a party, such as the right to receive notice of future proceedings (except when the defendant has appeared in the action), the right to present evidence on issues other than unliquidated damages, and the right to contest the factual allegations in the complaint. Thus, by defaulting, a defendant can reasonably be regarded as having given up most of the benefits that status as a party confers.... [O]nce a defendant has made the decision to default and become, as it were, a non-party, it would not seem fair to force such defendant to participate in an action to a greater degree than could be required of other non-parties.

Id. at 361. The court also noted that the plaintiff could obtain discovery through rules applicable to non-parties, specifically a subpoena issued under Fed. R. Civ. P. 45. Id.

ORDER - 3

1  Therefore, the Court denies Plaintiff's motion to compel discovery.  As discussed below, if
2 Plaintiff believes that he needs discovery from Defendant to prove up his damages, Plaintiff may file a
3 motion to extend the discovery deadline in order to obtain discovery from Defendant through a
4 subpoena issued under Rule 45.

5  2.  <u>Entry of Default against Defendant</u>

6  Plaintiff also requests that the Court find Defendant in default should Defendant fail to respond
7 to his discovery requests by March 23, 2007.  For the reasons discussed above, the Court will not
8 enter an order compelling Defendant to respond to Plaintiff's discovery requests.  However, the Court
9 finds that default should be entered against Defendant for other reasons.

10  Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative
11 relief is sought has failed to plead or otherwise defend" and "that fact is made to appear by affidavit or
12 otherwise," the clerk shall enter the party's default.  Here, Defendant's counsel has been permitted to
13 withdraw and has provided a declaration to the Court indicating that Defendant no longer wishes to be
14 represented by any counsel in this case.  Defendant was warned by Mr. Omata that it is required by
15 law to be represented by counsel and that failure to comply with this requirement could result in entry
16 of default against it.  The Court's order of January 23, 2007 restated this warning.  Despite those
17 warnings, Defendant has not appeared in this matter through new counsel, nor has it contradicted Mr.
18 Omata's declaration indicating that the corporation no longer wishes to be represented by any counsel
19 in this matter.

20  The Court finds that Defendant's failure to retain counsel despite such warnings justifies entry
21 of default under Rule 55(a).  <u>See</u> <u>Employee Painters' Trust v. Ethan Enters., Inc.</u>, ___ F.3d ___, No.
22 05-35270, slip op. at 3267 (9th Cir. Mar. 16, 2007) ("[W]e have recognized default as a permissible
23 sanction for failure to comply with local rules requiring representation by counsel."); <u>High Country
24 Broad.</u>, 3 F.3d 1244, 1245 (9th Cir. 1993) (similar).  By failing to maintain representation by counsel,
25 despite being warned about the consequences of such a failure, Defendant has failed to "otherwise

ORDER - 4

defend" in this action. Therefore, the Court ORDERS that default be entered against Defendant under Rule 55(a).

Plaintiff is directed to file a motion for default judgment against Defendant no later than <u>30 days</u> after the date of this Order. If Plaintiff needs discovery from Defendant to prove up his damages, he may file a motion to extend the discovery deadline and to extend the 30-day deadline for moving for default judgment. However, Plaintiff is advised that any motion for an extension must be filed <u>before</u> the expiration of the 30-day deadline for moving for default judgment and must describe with reasonable particularity what discovery Plaintiff is seeking and why such discovery would be relevant to a default judgment motion. As discussed above, any discovery would have to be pursued through a subpoena issued under Rule 45 because Defendant is in default.

**Conclusion**

Consistent with the discussion above, the Court DENIES Plaintiff's motion to compel. The Court further ORDERS that DEFAULT be entered against Defendant under Fed. R. Civ. P. 55(a) for failure to retain counsel to represent it in this matter following the withdrawal of its counsel of record. Plaintiff is directed to file a motion for default judgment within <u>30 days</u> of the date of this order.

The clerk is directed to send copies of this order to all counsel of record. The clerk is also directed to send a copy of this order to the last-known address for AMA Management, Ltd., as provided by its former counsel.

Dated: March 20, 2007

                                       s/Marsha J. Pechman
                                       Marsha J. Pechman
                                       United States District Judge

ORDER - 5