UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD HAWKINS,

    Plaintiff,

  v.

AMA MANAGEMENT, LTD.,

    Defendant.

No. C06-847P

ORDER ON PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT

This matter comes before the Court on Plaintiff's motion for default judgment. (Dkt. No. 19). Having considered the materials submitted by Plaintiff and the balance of the record, the Court GRANTS in part and DENIES in part Plaintiff's motion. The Court GRANTS Plaintiff's motion to the extent he seeks entry of a default judgment for $73,129 in back pay damages, $15,000 in emotional distress damages, and $200 in costs. The Court DENIES Plaintiff's motion to the extent he seeks attorney's fees in the amount of $3,000, without prejudice to Plaintiff's ability to file a properly supported motion for fees within 14 days of the date of this order. The reasons for the Court's order are stated below.

**Background**

In this action, Plaintiff Ronald Hawkins has brought claims under 42 U.S.C. § 1981 against his former employer AMA Management, Ltd. The case was originally filed in state court but was removed to federal court by Defendant. In his amended complaint, Plaintiff states that he is a black

ORDER - 1

male and alleges that Defendant "discriminated against plaintiff's [sic] because of his race/color in terminating his employment on or about January 2, 2003." (Amended Complaint ¶ 4).

Pursuant to Fed. R. Civ. P. 55(a), the Court entered default against Defendant on March 20, 2007 due to Defendant's failure to appear in this matter through new counsel after the Court permitted Defendant's former counsel Richard Omata to withdraw. (Dkt. No. 18). Although Defendant's former counsel provided a mailing address for Defendant, all mail that the Court has sent to Defendant at that address has been returned as undeliverable. Mr. Omata indicates that it is his understanding that Defendant is no longer in existence and no longer has a place of business. (Dkt. No. 22).

**Analysis**

Upon default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). In his motion for default judgment, Plaintiff requests damages for back pay and emotional distress, as well as awards of costs and attorney's fees. The Court considers each request below.

A.  Back Pay Damages

Plaintiff seeks $73,129 in back pay damages. Plaintiff was terminated on January 3, 2003. He has offered a declaration indicating: (1) he earned $2,595 per month while working for defendant; (2) after his termination, he was unemployed for approximately eight months; and (3) he later found a job that paid less and offered fewer hours than his previous employment with Defendant.

Plaintiff calculates that if he had not been terminated, he would have earned $132,345 at AMA Management over the past 51 months. Plaintiff also states that in the 51 months since his termination, he has only earned $59,216, leaving $73,129 in damages for back pay. The Court finds that Plaintiff has provided sufficient evidence in his declaration to document these damages and awards Plaintiff back pay damages in the amount of $73,129.[1]

---

[1] In his motion and proposed order, Plaintiff has not requested prejudgment interest, nor has he included prejudgment interest in his damage calculation. Therefore, the Court does not include an

ORDER - 2

B.  Emotional Distress Damages

Plaintiff also requests $15,000 in damages for emotional distress, a form of relief that is available for claims brought under Section 1981. See Odima v. Westin Tuscon Hotel, 53 F.3d 1484, 1498 (9th Cir. 1994). Plaintiff states in his declaration:

> After I was subject to racial discrimination by defendant AMA Management, Ltd. in my termination I suffered significant emotional stress and pain. I had many sleepless nights while I was unemployed, and felt humiliated and unjustly treated because of being a Black man. I believe I should be compensated for this emotional distress in the amount of $15,000.00.

The Court finds that Plaintiff's declaration provides sufficient evidence to support his claim for emotional distress damages in the amount of $15,000.

C.  Costs

Plaintiff requests $200 in costs, which reflects the fee for filing this case in King County Superior Court. Because the record indicates that Plaintiff paid a $200 filing fee in Superior Court, the Court awards Plaintiff costs in that amount. See Dkt. No. 4-2, Ex. 3.

D.  Attorney's Fees

Finally, Plaintiff has requested an award of $3,000 in attorney's fees. This request is supported by the declaration of Plaintiff's counsel Peter Cogan. In his declaration, Mr. Cogan states:

> I have expended 15.0 houses on this case to date. I have been a practicing attorney in the Seattle area for [sic] since 1884 [sic], am a member in good standing of the Washington State Bar Association, and admitted to practice before this court. My regular hourly rate is $250.00 per hour.

Plaintiff's counsel has not provided time records to support the fee request, nor has he explained how many hours were expended performing particular tasks in this case. Plaintiff's counsel also has not presented evidence regarding prevailing rates in the relevant community.

---

award of prejudgment interest in the default judgment. See, e.g., Scales v. J.C. Bradford & Co., 925 F.2d 901, 909 (6th Cir. 1991) (no abuse of discretion in denying prejudgment interest where Plaintiff did not request any prejudgment interest in damage calculation).

ORDER - 3

1   A prevailing plaintiff in a Section 1981 case may be awarded reasonable attorney's fees under
2   42 U.S.C. § 1988.  Indeed, a prevailing plaintiff in a civil rights case "should ordinarily recover
3   attorney's fees 'unless special circumstances would render such an award unjust.'" Hensley v.
4   Eckerhart, 461 U.S. 424, 429 (1983) (internal quotation marks omitted).  However, the Court cannot
5   evaluate the reasonableness of a fee request without proper documentation.

6   "The initial determination of reasonable attorney's fees is calculated by multiplying the number
7   of hours reasonably expended on litigation by a reasonable hourly rate." Chalmers v. City of Los
8   Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).  Here, Plaintiff's counsel has not provided sufficient
9   documentation to permit the Court to determine the number of hours reasonably expended on this
10  litigation.  "In determining reasonable hours, counsel bears the burden of submitting detailed time
11  records justifying the hours claimed to have been expended." Id.  "It is an abuse of discretion to
12  award fees for hours not properly documented." Stewart v. Gates, 987 F.2d 1450, 1453 (9th Cir.
13  1993).

14  Plaintiff's counsel has also failed to submit sufficient information to determine a reasonable
15  hourly rate.  "The 'reasonable hourly rate' must be determined by reference to the prevailing market
16  rates in the relevant community." Id.  Plaintiff's counsel has not submitted evidence regarding the
17  prevailing market rates in the relevant community.  The Court cannot determine a reasonable hourly
18  rate based on Plaintiff's counsel's statement that he has been practicing law in Seattle since "1884"
19  and that his "regular rate" is $250 per hour.

20  Therefore, the Court denies Plaintiff's request for fees because Plaintiff's counsel has not
21  submitted sufficient documentation to evaluate the reasonableness of the fee request.  The Court
22  denies the fee request without prejudice to Plaintiff's ability to submit a properly supported motion for
23  fees within fourteen days of the date of this order.

24
25

ORDER - 4

**Conclusion**

For the reasons stated above, the Court GRANTS in part and DENIES in part Plaintiff's motion for default judgment. The Court will direct the Clerk to enter a default judgment in favor of Plaintiff and against Defendant for $88,129 in damages and $200 in costs. The Court denies Plaintiff's request for an award of attorney's fees, without prejudice to Plaintiff's ability to file a properly supported motion for fees within 14 days of the date of this order.

Dated: May 29, 2007

                                    s/Marsha J. Pechman
                                    Marsha J. Pechman
                                    United States District Judge

ORDER - 5